UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAULA POPP,
      Plaintiff,

v.                                                                              Case No. 21-C-1305

CHARLES COPELAND, et al.,
      Defendants.

## DECISION AND ORDER

Plaintiff Paula Popp filed a lawsuit under 42 U.S.C. § 1983 against various individuals and entities that were involved in her arrest and detention at the Milwaukee County Jail. Popp alleges that she suffered serious burns during a fight that occurred prior to her arrest, that certain Milwaukee police officers falsely arrested and detained her, and that she received inadequate medical treatment for her burns while she was detained at the jail. One of the defendants, Mahita Gone, was a nurse practitioner at the jail who treated Popp's injuries. Gone did not timely respond to the complaint after being served, and Popp has moved for a default "judgment" against her. (Although the caption of the motion requests a default judgment, in fact the motion only requests that the Clerk of Court enter Gone's default, which the Clerk has not done.) Immediately after Popp filed her motion, Gone filed a motion for an extension of time to file her answer. I consider these motions in this order.

According to the complaint, Gone was employed by co-defendant Armor Correctional Health Services, Inc., a private company hired to provide health services to inmates of the Milwaukee County Jail. The complaint alleges that Gone and other co-defendants provided inadequate medical care by failing to promptly obtain specialized

treatment for Popp's burn injuries. The complaint alleges that Armor Correctional is liable for the same conduct.

Gone was served with the summons and complaint on November 18, 2021, and her response was therefore due on December 9, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As an employee of Armor Correctional, Gone is represented by the same attorneys who represent Armor Correctional and other of its employees who are co-defendants. Those attorneys filed a timely response to the complaint (a motion to dismiss) on behalf of Armor Correctional. However, counsel did not realize that Gone had been personally served on November 18, 2021, and therefore he did not file a timely response on her behalf. On January 4, 2022, plaintiff's counsel informed Armor's counsel that Gone had been personally served, but plaintiff's counsel did not reveal on which date. The plaintiff did not file proof of service on Gone with the court until January 11, 2022, the day before she filed her default motion on January 12, 2022. Gone filed her motion for an extension of time to respond to the complaint on January 13, 2022, and she filed her answer on January 20, 2022.

Because the Clerk has not entered Gone's default, Gone does not need to show good cause to have the default set aside. *Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). Instead, she must show excusable neglect to obtain an extension of time under Federal Rule of Civil Procedure 6(b)(1)(B). *Id.* That standard encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, if the oversight is excusable. *Id.* Here, I conclude that the late filing is excusable. The plaintiff sued several defendants affiliated with Armor Correctional, including Armor itself, and defense counsel simply failed to realize that Gone was among

2

Case 2:21-cv-01305-LA   Filed 02/04/22   Page 2 of 4   Document 33

those defendants that had been served. Armor filed a timely response on its own behalf, and its failure to file a timely response on behalf of Gone caused no prejudice to the plaintiff whatsoever. Indeed, the plaintiff took until January 30, 2022—after Gone had already filed her untimely answer—to complete service on the defendants (s*ee* ECF No. 31)*,* and the court is still waiting for timely responses to the complaint from other defendants. Although the plaintiff claims that the expenses of her default motion count as prejudice, such expenses are not attributable to the default itself, but to the plaintiff's choice to file the motion for default rather than consent to a late response. Plaintiff was, of course, entitled to make that choice, but she cannot attribute the consequences of that choice to the defendant. The plaintiff unquestionably suffered no prejudice from Gone's *delay*, and that is what matters. *See Mommaerts*, 472 F.3d at 968.

Finally, this is a multidefendant case, and the liability of Gone could affect the liability of other defendants, including Armor Correctional. For this reason, I could not enter a default *judgment* against Gone until the liability of the other defendants is resolved. *See Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."). Because judgment against Gone must be withheld and the case must be litigated against the other defendants, it would make little sense to prevent Gone from participating in that litigation by entering her default when she is ready and willing to participate. Accordingly, I will deem Gone's January 20 answer timely and deny the plaintiff's motion to enter her default.

For the reasons stated, **IT IS ORDERED** that Gone's motion for an extension of time to file her answer (ECF No. 20) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that the plaintiff's motion to enter Gone's default (ECF No. 16) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2022.

                                                s/Lynn Adelman
                                                LYNN ADELMAN
                                                United States District Judge