UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAULA POPP,
        Plaintiff,

v.                                                        Case No. 21-C-1305

CHARLES COPELAND, et al.,
        Defendants.

## DECISION AND ORDER

Plaintiff Paula Popp brings this suit under 42 U.S.C. § 1983 against police officers and jail medical personnel who were involved in her arrest and detention at a police station and, later, at the Milwaukee County Jail. Popp alleges that she suffered serious burns during a fight that occurred prior to her arrest, that the police officers falsely arrested and detained her, and that she received inadequate medical treatment for her burns while she was detained at the jail. Before me now is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Armor Correctional Health Services, Inc., a private entity that provided medical care to inmates at the jail under a contract with Milwaukee County.

### I. BACKGROUND

According to the allegations of the complaint, which I accept as true for purposes of deciding Armor's motion to dismiss, the events giving rise to this suit began when Popp and her husband returned home from a trip to find that someone had tampered with their mail. Popp believed that her daughter, who lived next door, may have been the culprit. When Popp confronted her daughter, the two became embroiled in a physical altercation. During the fight, a five-gallon pot of boiling water was spilled, and Popp and her daughter

each suffered severe burns. Popp and her daughter were taken to separate hospitals for treatment.

While Popp and her daughter were hospitalized, Milwaukee police officers Charles Copeland and Cristobal Avila arrived at Popp's home and questioned both her husband and Popp's daughter's boyfriend about the fight. After further investigation, Copeland and Avila arrested Popp for battery. (The complaint does not indicate whether Popp was still hospitalized when she was arrested or whether she had been discharged.) The officers brought Popp to a police precinct for processing, where she was put in a "damp and frigid basement." (Compl. ¶ 43.) Popp remained in the basement for hours, where she experienced pain so severe that it caused her to vomit. The officers at the precinct did nothing to assist Popp other than provide her with a trash can to vomit into.

After several hours in the precinct basement, Popp was taken to the Milwaukee County Jail. In the booking area, Popp was seen by defendant Cherie Nelson, a registered nurse allegedly employed by Armor Correctional Health. Nelson made several notes about the extent of Popp's burns and her extreme discomfort. She wrote that she intended to provide "comfort measures—wet cold washcloth to forehead. Feet elevated and fan for comfort." (Compl. ¶ 52.) The complaint alleges that, instead of allowing Popp to be admitted to the jail, Nelson should have rejected her admission and arranged for her to receive "immediate specialized care" for her burns. (*Id.* ¶ 53.)

After assessing Popp, Nelson conveyed her findings to defendant Alyssa Sekadlo, a nurse practitioner employed by Armor. Sekadlo ordered that Popp be given medications to relieve her pain and nausea. According to the complaint, Sekadlo should not have

2

admitted Popp to the jail because she "knew that Armor Correctional's staff could not adequately provide medical care and treatment for [Popp's] injuries." (Compl. ¶ 57.)

Later, Popp was seen by defendant Monica Brown, a registered nurse allegedly employed by Armor. Brown noted that Popp had first- and second-degree burns on her arms, lips, and chest and that she was vomiting. Brown reported her findings to defendant Mahita Gone, another nurse practitioner employed by Armor. Brown told Gone that Popp's condition was worsening. According to the complaint, Gone should have, but did not, arrange for Popp to receive specialized care for her burns.

On the same day, Popp was examined by defendant Essie Webb, a registered nurse alleged to be employed by Armor. The complaint alleges that it was apparent to Webb that Popp "was in distress and that her condition was deteriorating." (Compl. ¶ 66.) Nonetheless, Webb "failed to document her findings and evaluation and failed to elevate noted concerns to a higher level of care." (*Id.* ¶ 65.)

Two days after Popp was arrested, the Milwaukee County District Attorney declined to charge her with a crime. Presumably, Popp was then released.

As a result of these events, Popp filed the present suit under 42 U.S.C. § 1983 against the police officers who arrested her, the police officers who observed her while she was in custody at the precinct, the registered nurses and nurse practitioners who examined her at the jail, and Armor Correctional Health. For purposes of the present motion, only the claims against the nurses and Armor are relevant. In those claims, Popp alleges that the nurses "provided inadequate medical care and were deliberately indifferent when they failed to promptly obtain specialized care for [Popp's] serious burn injuries." (Compl. ¶ 83.) Based on these allegations, Popp seeks to recover damages

under § 1983 for deliberate indifference in violation of the Eighth and Fourteenth Amendments,[1] and under Wisconsin law for negligence. Popp alleges that Armor is liable for the violations of law committed by the nurses because, under its contract with Milwaukee County, it was responsible for providing medical care to inmates of the jail.

Armor now moves to dismiss the § 1983 claims against it.[2] It contends that Popp has not alleged that the injuries she suffered were caused by a policy, practice, or custom maintained by Armor, and that therefore she has not stated a claim under § 1983 against it.

## II. DISCUSSION

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*,

---

[1] Although not relevant to the present motion, I note that, because Popp was a pretrial detainee at the time of the relevant events, the deliberate-indifference standard of the Eighth Amendment does not apply and, instead, her claims arise under the Fourteenth Amendment and its requirement of objective reasonableness. *See McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) ("a standard of objective reasonableness, and not deliberate indifference, governs claims under the Fourteenth Amendment's Due Process Clause for inadequate medical care provided to pretrial detainees").

[2] Armor does not move to dismiss the state-law negligence claim, over which the court has supplemental jurisdiction. *See* 28 U.S.C. § 1367. Thus, regardless of the outcome of the present motion to dismiss, Armor will remain a defendant.

550 U.S. at 555. In construing a plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. at 678.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a federally protected right by a person acting under color of state law. *See, e.g., First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). A private corporation, like Armor, that provides essential public services under a contract with a local government can be a person acting under color of state law. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). However, private entities acting to fulfill government duties are not vicariously liable for the conduct of their employees. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 765 (7th Cir. 2021). Instead, such private entities are liable only to the extent that a municipality is liable under § 1983. *See id.* Thus, a § 1983 claim against a private entity must satisfy *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a plaintiff may establish a claim for relief only if the constitutional violation was caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority. *Stewart*, 14 F.4th at 765.

In its motion to dismiss, Armor contends that the complaint does not allege facts showing that Popp's injuries were caused by an express policy, a widespread unwritten custom or practice, or by a person with final policymaking authority. Armor is undoubtedly correct on this point. The complaint alleges no facts about any express Armor policies, does not allege that Armor has an unwritten, widespread practice of providing inadequate medical care to inmates, and does not allege that Popp's injuries were caused by a person at Armor with final policymaking authority. Popp virtually concedes that she has not

5

alleged a viable claim under *Monell* by repeatedly arguing that she "presumes" that the nurses who examined and treated her were acting pursuant to some policy or practice of Armor's that she cannot identify. (Br. in Opp. at 5–7.) But a federal claim cannot be based on presumptions. Instead, a plaintiff must allege facts that state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. As Popp has not alleged any facts at all about Armor's policies or practices, she has not stated a claim for relief under § 1983.

Popp seems to contend that, because she has alleged that Armor's employees committed "repeated acts of indifference," she has sufficiently alleged that they must have been acting pursuant to some policy or practice of Armor's. (Br. in Opp. at 5.) But the acts of indifference alleged do not give rise to a reasonable inference that some corporate policy or practice must have been at play. Each Armor employee either examined Popp or prescribed a course of treatment. Popp alleges that each employee was indifferent to her medical needs because none of them decided that she needed to be taken to a hospital for specialized care. These few instances of allegedly unlawful conduct, which are limited to Popp's own circumstances, do not suggest that Armor has a "widespread unconstitutional practice so well-settled that it constitutes a custom or usage with the force of law." *Hildreth*, 960 F.3d at 427. Thus, Popp's § 1983 claim against Armor will be dismissed.

In her brief, Popp asks that, if the § 1983 claim against Armor is dismissed, she be granted an opportunity to file an amended complaint after conducting discovery. Here, despite dismissal of the § 1983 claim, Armor will remain a defendant because Popp brings a state-law claim for negligence that Armor has not moved to dismiss. Further, I will later enter a scheduling order that provides a deadline for filing amended pleadings. If Popp is

6

able to identify facts that support a § 1983 claim against Armor prior to that deadline, then she may seek leave to amend under Federal Rule of Civil Procedure 15.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Armor's motion to dismiss (ECF No. 11) is **GRANTED** to the extent that Popp's § 1983 claim against it is dismissed.

**IT IS FURTHER ORDERED** that Armor file a responsive pleading to Popp's negligence claim within 14 days of the date of this order.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2022.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
United States District Judge